UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-271-F

| | | |
|---|---|---|
| ROSA H. JOHNSON, EDGAR W. JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP) THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A., SUBSTITUTE TRUSTEE SERVICES, INC., BULLHEAD INVESTMENTS, LLC, DEBORAH N. HOOKER, JOHN A. MUNDULAK, STATE OF NORTH CAROLINA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Dismiss, or in the alternative Motion for Summary Judgment, or in the Alternative, Motion for More Definite Statement [DE-25] and the Correction Motion [DE-40] filed by Defendant Bullhead Investments, LLC; Motion to Dismiss pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure filed by Defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP [DE-28]; Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant Substitute Trustee Services, Inc. [DE-32]; Motion to Dismiss pursuant to Rule 12(b)(5) and (6) filed by Defendants Deborah N. Hooker, Christopher T. Salyer, John A. Mandulak, and The Law Firm of Hutchens, Senter, & Britton, P.A. [DE-35], and the Motion to Dismiss Amended Complaint [DE-54] filed by Defendants BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP,

Deborah N. Hooker, John A. Mundulak, C.T. Salyer, Substitute Trustee Services, Inc., and The Law Firm of Hutchens, Senter & Britton, P.A.

## I. PROCEDURAL HISTORY

Plaintiffs Rosa H. Johnson and Edgar W. Johnson, proceeding *pro se*, initiated this action on July 2, 2010, by filing a Complaint in this court. The Complaint is 60 pages in length, and included the following "labels" near the beginning of the Complaint: "R.I.C.O.[,] FRAUD, BANK FRAUD, CONSPIRACY/OBSTRUCTION OF JUSTICE[,] TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. Patriot Act Title III." Compl. [DE-1] at p. 4. The vast majority of the remainder of the original Complaint appears to be excerpts from various documents, including portions of the United States Code, a memorandum of law on "bank fraud" apparently written by a person unrelated to this action, and excerpts from caselaw from several jurisdictions, including someone's–possibly Plaintiffs'–interpretation of the caselaw.

On July 26, 2010, Defendant Bullhead Investments, LLC ("Bullhead") filed a Motion to Dismiss, or in the alternative Motion for Summary Judgment, or in the Alternative, Motion for More Definite Statement [DE-25]. On August 6, 2010, Defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing ("BAC") filed a Motion to Dismiss pursuant to Rules 12(b)(5) and (6) for failure to effect proper service and failure to state a claim. On that same date, Defendant Substitute Trustee Services, Inc., ("Substitute Trustee") filed a Motion to Dismiss for failure to state a claim, and Defendants Deborah N. Hooker, John A. Mandulak, C.T. Salyer, and The Law Firm of Hutchens, Senter & Britton, P.A.("Hutchens, Senter & Britton"), filed a Motion to Dismiss for Failure pursuant to Rules 12(b)(5) and (6) to effect proper service and failure to state a claim. On August 9, 2010, Bullhead filed a corrected Motion to Dismiss.

Well after the various Defendants filed their numerous motions to dismiss, Plaintiffs filed an Amended Complaint on September 27, 2010, which differs drastically in tone, style, and content from the original Complaint. In the Amended Complaint, Plaintiffs allege claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, breach of contract, breach of implied duty of good faith, breach of fiduciary duty, violations of the North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* Plaintiffs allege the claims arise out "improprieties surrounding the servicing of a note and deed of trust secured by real property purchased by Plaintiffs," which eventually resulted in Plaintiffs' property being sold at a foreclosure sale. Amend. Compl. [DE-53] ¶ 1, ¶ 28. The Amended Complaint also removes Bullhead and the State of North Carolina as defendants.

On October 15, 2010, the remaining defendants in the action filed a Motion to Dismiss the Amended Complaint.

## II. ANALYSIS

### A. Motions to Dismiss for Insufficient Service of Process

Defendants BAC, Hooker, Salyer and Mandulak all move, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss this action for insufficient service of process.

#### 1. Standard of Review

A plaintiff bears the burden of showing that service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled:

> When the process gives the defendant actual notice of the pendency of the action,

3

the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc., v. Penrod-Stauffer Bldg. Sys, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(b) provides that a plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summons to plaintiff for service upon each defendant. Rule 4(a) sets forth the requirements for a properly completed summons.

Rule 4 also provides how service on a party may be made. With regard to service of process on a corporation or partnership, Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service may be made pursuant to the "state law for serving a summons in an action brought by in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6) in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent" or "[b]y depositing with a designated delivery service . . . a copy of the summons and complaint, addressed to the officer, director, or agent [authorized] agent . . ., delivering to the addressee, and obtaining a delivery receipt." N.C.R.Civ.P. 4(j)(6).

Similarly, Rule 4(e) provides that service of an individual may be made by:

4

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivery a copy of each to an agent authorized by appointment or by law to receive service of process.

FED.R.CIV.P. 4(e). North Carolina law provides that service may be made by registered, certified, or signature confirmation mail, or by utilizing a designated delivery service. N.C.R.Civ.P. 4(j)(1).

Moreover, Rule 4(m) prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. FED.R.CIV.P. 4(m). Rule 4(m), however, also states that a court must extend the time for service if the plaintiff shows good cause for failure to effect service. *See also* FED.R.CIV.P. 4(m) advisory committee's note (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*")(emphasis added). Courts have authorized extensions of time where a *pro se* plaintiff has made a reasonable effort to effect service. *See, e.g., Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 528 (D.Md. 1999).

### 2. Service on BAC

BAC suggests in its memorandum in support of its motion to dismiss [DE-29] that it is a corporation; thus, service on it must be made pursuant to Rules 4(e) and (h).

5

The record in this case shows that Plaintiffs provided, and the Clerk of Court issued, two summonses, either of which arguably could be read as being addressed to Defendant BAC. The first such summons was addressed as follows:

> BAC Home Loans Servicing
> 2375 N. Glenville Drive
> Bld. B
> Mail Stop RGV-3B-35
> Richardson, TX 75082

Summons [DE-2]. The second such summons was addressed:

> Countrywide Home Loans, Inc.
> FKA BAC Home Loans Servicing, LP
> 4500 Park Granada
> Calabasas, C. 91302-1613

Summons [DE-3]. Plaintiffs filed, on August 9, 2010, two proofs of service showing that certified mail was sent to, and signed for by individuals, at each of the above-listed addresses. *See* Certified Mail Receipts [DE-42] & [DE-43].

BAC argues that such service was insufficient because the Summons and Complaint were not mailed or addressed to an officer, director, or managing agent of BAC nor was service had on BAC's registered agent appointed to accept service of process.[1] *See* N.C.R.Civ.P. 4(j)(6)(c). Under the plain terms of the Federal and North Carolina Rules of Civil Procedure, the court agrees that BAC was not properly served. Nor is there any indication in the record, since the filing of BAC's Motion to Dismiss, that Plaintiffs have attempted to effectuate proper service on BAC within the time period set forth under the Federal Rules of Civil Procedure.

Still, the court is mindful that *pro se* plaintiffs are entitled to more latitude than litigants

---

[1] The name and address of the registered agent for a specific entity are typically on file with the North Carolina Secretary of State.

6

Case 5:10-cv-00271-F   Document 58   Filed 01/21/11   Page 6 of 12

represented by counsel to correct defects in service of process. *See, e.g., Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Moreover, Plaintiffs has demonstrated reasonable efforts to serve BAC. Consequently, for good cause shown, or, alternatively, in this court's discretion, the court ORDERS that time for effecting service of process on BAC be extended **until March 1, 2011.**[2] Plaintiffs may obtain, if necessary, a reissued summons from the Clerk of Court. Plaintiffs are advised to consult Rule 4 of the Federal Rules of Civil Procedure and the applicable North Carolina Rules of Civil Procedure for the requirements of properly completing summonses and for service of process. Plaintiffs also are advised that the failure to effect proper service by March 1, 2011 may result in the dismissal of Plaintiffs' claims against BAC.

### 3. Service on Hooker, Salyer and Mandulak

The record shows that Plaintiffs attempted to serve individual Defedants Hooker, Salyer, and Mandulak by mailing, via certified mail, a copy of the Summons and Complaint to Defendant Hutchens, Senter & Britton, a law firm. *See* Certified Mail Receipts [DE-47], [DE-48] & [DE-49]. Hooker, Salyer, and Mandulak all assert that they were neither served personally with the Summons or Complaint, nor did they sign the certified mail receipt for service. They also note that the law offices of Defendant Hutchens, Senter & Britton are not the dwelling or

---

[2] The court recognizes that other judges in the Eastern District of North Carolina have allowed motions to dismiss a *pro se* plaintiff's action for failure to effect proper service *without prejudice*, and, in his or her discretion, waived the filing fee if the *pro se* plaintiff chose to refile the action. *See, e.g., Brissett v. Freemont Investment & Loan*, No. 4:07-CV-108-FL, January 8, 2008, Order. For reasons discussed later in this order, this action will be allowed to proceed as to other defendants. Consequently, this court views the more prudent course of action in this case to be the extension of time to effect service, rather than the dismissal of the action without prejudice to the Plaintiff to refile without payment of the filing fee.

7

Case 5:10-cv-00271-F Document 58 Filed 01/21/11 Page 7 of 12

usual place of abode for any of them, nor is anyone at the office authorized to accept service on their behalf.

The court agrees that Plaintiffs did not properly serve Hooker, Salyer, or Mandulak with a copy of the Summons and Complaint, as provided under Federal Rule of Civil Procedure 4(e) or North Carolina Rule of Civil Procedure 4(j)(1). For the reasons stated earlier in this Order, however, the court ORDERS that time for effecting service of process on Hooker, Salyer and Mandulak be extended **until March 1, 2011**.[3] Plaintiffs are advised to consult Rule 4 of the Federal Rules of Civil Procedure and the applicable North Carolina Rules of Civil Procedure for the requirements of properly completing summonses and for service of process on individuals. Plaintiffs may obtain, if necessary, a reissued summons from the Clerk of Court. Plaintiffs also are advised that the failure to effect proper service by March 1, 2011 may result in the dismissal of Plaintiffs' claims against these individual Defendants.

## B. Motion to Dismiss for Failure to State a Claim

Several of the Defendants also move to dismiss the Original Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v.*

---

[3] The court recognizes that other judges in the Eastern District of North Carolina have allowed motions to dismiss a *pro se* plaintiff's action for failure to effect proper service *without prejudice*, and, in his or her discretion, waived the filing fee if the *pro se* plaintiff chose to refile the action. *See, e.g., Brissett v. Freemont Investment & Loan*, No. 4:07-CV-108-FL, January 8, 2008, Order. For reasons discussed later in this order, this action will be allowed to proceed as to other defendants. Consequently, this court views the more prudent course of action in this case to be the extension of time to effect service, rather than the dismissal of the action without prejudice to the Plaintiff to refile without payment of the filing fee.

*City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); see also *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

A review of the Original Complaint reveals that it is, in general, a boilerplate recitation of someone's thoughts on the banking and real estate industries, which may be found on various internet websites. The rambling nature of the Original Complaint does not meet Rule 8(a)(2)'s requirement for "a short and plaint statement of the claim showing that the pleading is entitled to relief." FED.R.CIV.P. 8(a)(2). Moreover, despite the length of the document, Plaintiffs fail to make single factual allegation against any of the named Defendants. Even with the liberal interpretation afforded *pro se* litigants, the Original Complaint utterly fails to allege any facts which would "raise the right to relief beyond the speculative level." *Twombly*, 550 U.S. at 555. As such, any purported claims in the Original Complaint fail in their entirety.

Once a court concludes that a complaint fails to state a claim, a court has the discretion to allow a defendant's motion to dismiss under Rule 12(b)(6) with or without prejudice. *See Field v. GMAC LLC*, 660 F.Supp.2d 679, 690 (E.D.Va. 2008). Indeed, the Fourth Circuit Court of Appeals has observed that in light of the overarching federal policy of deciding cases on the basis of the merits rather than on technicalities, " '[a] dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint.' " *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)(quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed 1990)). Here, Plaintiffs have filed an Amended Complaint–albeit out of time under Rule 15 of the Federal Rules of Civil Procedure–which attempts to correct the deficiencies in the Original Complaint. The Amended Complaint does not appear to be filed in bad faith and or to be unduly prejudicial

10

to any of the Defendants named therein.[4] Nor does the court find that the Amended Complaint is futile on its face. *See Field*, 660 F.Supp.2d at 690 (explaining that the analysis of whether a court should grant leave to amend a complaint under Rule 15(a)(2) is useful in determining whether to dismiss a plaintiff's complaint with or without prejudice). Accordingly, the court determines that the Motions to Dismiss pursuant to Rule 12(b)(6) [DE-25; DE-28; DE-32; DE-40] are ALLOWED without prejudice, and Plaintiffs' Amended Complaint shall remain on the record. The Motion to Dismiss the Amended Complaint [DE-54] is DENIED as moot.[5]

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. the Motions to Dismiss Pursuant to Rule 12(b)(5) [DE-28; DE-35] are DENIED without prejudice;

2. the time for effecting service of process on Defendants BAC, Hooker, Salyer and Mandulak is extended **until March 1, 2011;**

3. the Motions to Dismiss Pursuant to Rule 12(b)(6) [DE-25; DE-28; DE-32; DE-35; DE-40] are ALLOWED without prejudice;

4. Plaintiffs' Amended Complaint [DE-53] shall remain on the docket;

---

[4] The Amended Complaint does *not* name Bullhead or the State of North Carolina as Defendants.

[5] The Motion to Dismiss the Amended Complaint focused solely on the impropriety of filing the Amended Complaint without seeking leave of court or the written consent of Defendants, and did not address whether the Amended Complaint was futile in that it failed to state a claim. The rulings in this order are without prejudice to Defendants to file a renewed motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) or any other applicable rule.

5. the Motion to Dismiss the Amended Complaint [DE-54] is DENIED as moot;

6. the alternative Motion for Summary Judgment and Motions for a More Definite Statement [DE-25; DE-40] are DENIED as moot;

7. Defendants Hutchens, Senter & Britton and Substitute Trustee Services have 21 days from the filing date of this Order to respond to the Amended Complaint, and

8. Defendants BAC, Hooker, Salyer and Mandulak may respond to the Amended Complaint under the time period set forth in the applicable Federal Rules of Civil Procedure once proper service upon them is effected by Plaintiffs.

SO ORDERED.   This the 21st day of January, 2011.

_____
James C. Fox
Senior United States District Judge