UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-271-F

| | |
|---|---|
| ROSA H. JOHNSON, EDGAR W. JOHNSON, Plaintiffs, v. BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A., SUBSTITUTE TRUSTEE SERVICES, INC., DEBORAH N. HOOKER, C.T. SALYER, JOHN A. MUNDULAK, Defendants. | ORDER |

This matter is before the court on Plaintiffs' Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE-88]. Defendants BAC Home Loans Servicing, LP, Substitute Trustee Services, Inc., The Law Firm of Hutchens, Senter & Britton and Deborah N. Hooker, C.T. Salyer and John A. Mundulak have responded [DE-90] and the time for filing a reply has expired. This motion is therefore ripe for ruling.

## I. PROCEDURAL HISTORY

On September 29, 2011, the court allowed the motions to dismiss the amended complaint pursuant to 12(b)(6) filed by Defendant Substitute Trustee Services, Inc. ("STS") [DE-61], Defendant The Law Firm of Hutchens, Senter & Britton, P.A. ("HSB") [DE-62], and Defendants Deborah N. Hooker, C.T. Salyer and John A. Mandulak (collectively, "the Individual Defendants")

[DE-73].[1] [DE-86]. Plaintiffs Rosa H. Johnson and Edgar W. Johnson ("Plaintiffs" or "the Johnsons"), proceeding *pro se*, now move this court pursuant to Rule 59 of the Federal Rules of Civil Procedure to reconsider its September 29, 2011 decision ("the Order").[2] The relevant facts of this case are set forth in this court's decision in *Johnson v. BAC Home Loans Servicing, LP*, No. 5:10-CV-271-F, __ F. Supp. 2d __, 2011 U.S. Dist. LEXIS 112010, 2011 WL 4550142 (E.D.N.C. Sept. 29, 2011) and will not be reiterated here.

## II. STANDARD OF REVIEW

Rule 59(e) permits a court to alter or amend a judgment. *See* FED. R. CIV. P. 59(e). In particular, Rule 59(e) permits revisitation of a prior decision in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 386 n.2 (4th Cir. 2010) (alternation added & citation omitted). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson*, 790 F. Supp. 594, 618 (E.D. Va. 1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). *Accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) ("Parties

---

[1] In that same order, the court denied the motion to dismiss the amended complaint pursuant to 12(b)(5) [DE-71] filed by Defendants Deborah N. Hooker and John A. Mandulak and denied as moot Plaintiffs' motion to dismiss Defendant BAC's counterclaim [DE-80].

[2] A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED R. CIV. P. 59(e). Plaintiff filed this motion on October 11, 2011, twelve days after the Order. Thus, Plaintiffs' motion is timely under Rule 59(e).

[] may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."). Although district courts enjoy considerable discretion in granting or denying a motion under Rule 59(e), "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Jarmak v. Ramos*, No. 6:10-CV-48, 2011 U.S. Dist. LEXIS 107031, at *3, 2011 WL 4381496, at *1 (W.D. Va. Sept. 21, 2011)(quoting 11 Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2011)). *Accord Pac. Ins. Co. v. Am.. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (describing reconsideration of a judgment as "an extraordinary remedy").

### III. DISCUSSION

Plaintiffs set forth the following grounds in support of their motion: (1) allegations in the amended complaint were sufficiently set forth to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) FDCPA violations require viewing Plaintiffs' allegations "through the law as it pertains to mortgage backed securities investment vehicles;" (3) there is new evidence available which supports their claims; and (4) manifest injustice would occur if the amended complaint is dismissed. Pls.' Mem. Supp. Mot. Reconsider at 2-4 [DE-89]. The court addresses each in turn.

Plaintiffs' first two arguments for relief do not fall under any of the three situations identified by the Fourth Circuit for altering a judgment under Rule 59(e). In particular, the first argument is simply a reassertion of the same argument previously considered and decided by the court. *See Durkin*, 444 F. Supp. at 889. In Plaintiffs' second argument, Plaintiffs suggest the application of securities law also governs their claims of improper debt collection. Aside from the obvious fact that such claims are governed solely by the FDCPA, *see* 15 U.S.C. § 1692(e) (FDCPA established by

Congress to "eliminate abusive debt collection practices"), Plaintiffs cite no authority on how application of a different law would impact the court's analysis of whether Plaintiffs stated a claim under the FDCPA. More importantly, "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (citation omitted). *See also Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) (noting a party, on a motion for reconsideration, "should not be allowed to switch from theory to theory like a bee in search of honey").

Plaintiffs' third basis for bringing the motion is that new evidence exists which was not previously available at the time the September 2011 decision was rendered. Specifically, Plaintiffs contend there is new evidence

> demonstrating that Plaintiff does not owe a debt to Defendant BOA [Bank of America][3] because Defendant BOA is not the owner of the note, not the Holder of the note, nor has any legal standing to sue in foreclosure. Moreover, new evidence indicates that there were multiple payment sources for the note, including insurance paid upon a borrower's default, federal bailout monies and investment funds. This documentation indicates that Plaintiffs do not owe Defendants any debt . . . . Additionally, . . . Plaintiffs' mortgage was processed in the MERS system which has been held defective by courts.

Pls.' Mem. at 3-5. The court finds, however, that this new evidence does not necessitate reconsideration of the Order. First, any allegations regarding the propriety of the underlying foreclosure action, the availability of other funds to pay off the note and the operation of MERS are irrelevant to Plaintiffs' FDCPA claims and thus cannot constitute new evidence. Second, as to evidence supporting Plaintiffs' allegations that Defendant BAC is not the owner or holder of the note, Plaintiffs offer no explanation for their failure to submit these new allegations earlier. *See also Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (stating that where a

---

[3] According to Plaintiffs, BOA purchased Countrywide Home Loans, Inc. and BOA's subsidiary, Defendant BAC, became the servicer of the note. Am. Compl. ¶ 20.

Rule 59(e) motion relies upon new evidence, the party must offer a "legitimate justification" for not providing the evidence earlier)). Indeed, in light of the underlying foreclosure action, the loan details which Plaintiffs wish to proffer as new evidence would have been available to them well before this action commenced. As a result, the motion for reconsideration must be denied. *See Cureton v. Cianbro Corp.*, No. JFM-06-2303, 2007 U.S. Dist. LEXIS 7388, at *5, 2007 WL 397025, at *2 (D. Md. Jan. 30, 2007) (denying plaintiff's motion to reconsider order dismissing complaint for failure to state a claim based on "additional particularized allegations" where plaintiff "provid[ed] no explanation for why these new facts were not submitted earlier"). *See also Bingham v. Massachusetts*, No. 08-11770-GAO, 2009 U.S. Dist. LEXIS 56937, at *4 (D. Mass. May 6, 2009) (upholding order dismissing amended complaint where evidence presented did not qualify as "newly discovered" within the meaning of Rule 59(e) where evidence was obtainable prior to the rendering of the judgment). Furthermore, Plaintiffs' conclusory assertion that BOA is not the owner or holder of the note is belied by Plaintiffs' allegation in their amended complaint that Defendant BAC failed to properly credit two mortgage payments. Am. Compl. ¶ 24. A party seeking a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions," *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D.Mont. 1988). Plaintiff has failed to set forth such facts or law.

Finally, Plaintiffs assert a manifest injustice will occur if the court's judgment is not reconsidered because they

> have demonstrated that new laws and new facts applied to this matter [which] indicate that Defendants had no legal standing to sue in foreclosure and knew that they lacked such standing thereby demonstrating that they engaged in, at worst, misrepresentation and deception in collecting the mortgage or, at best, recklessness.

Pls.' Mem. at 4. As state above, the propriety of the underlying foreclosure action is not before this

court. Plaintiffs have not presented evidence of changes in the controlling law under 15 U.S.C. § 1692 nor have they provided justification for their failure to allege new facts earlier. Plaintiffs have not presented any evidence that by granting their motion, the court will prevent a manifest injustice. Plaintiffs' amended complaint was dismissed without prejudice, affording Plaintiffs the opportunity to pursue their state court claims, which are premised on the state foreclosure action that served as the basis for their FDCPA claim, in state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE-88] is DENIED.

SO ORDERED.

This, the 16th day of January, 2012.

JAMES C. FOX
Senior United States District Judge